GILBERT WILLIAMS V. THE STATE.

No. 11723.  Delivered December 12, 1928.
Rehearing denied March 6, 1929.

The opinion states the case.

*J. A. Kibler* of Waco, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The prosecution is based upon Article 1150 P. C. which denounces as an offense the failure of one driving or controlling an automobile which comes in collision with another to stop and render aid.  The punishment was assessed at confinement in the penitentiary for a period of two years.

The state relied upon circumstantial evidence, the sufficiency of which is challenged.  We think the evidence sufficient to support the conviction.  The state's evidence was, in substance, as follows:  The

injured party, Truett Trice, was walking on the Dallas road near the city of Waco. It was a dark night and was raining. Trice wore a yellow raincoat. About 11 o'clock a Ford coupe driven by Leonard Simpson passed Trice. Shortly after the Ford car passed him, a Dodge roadster passed Simpson with Trice on the fender. Simpson had heard a noise as if the roadster had come in contact with some object and had heard someone scream. He stated that it sounded like the scream of a woman. As the Dodge roadster passed Simpson it increased its speed and as it got about half a car length from Simpson, Trice rolled off of the fender. The Dodge roadster went around a corner. Simpson and other witnesses found a Dodge roadster around the same corner with the motormeter broken off and the motor still hot. No one was in the car at the time. They secured the number of the car. Appellant had been driving the car. The occupants of the car that came in collision with Trice did not stop and offer to render aid. Trice was severely injured. After the accident, the motormeter of appellant's car was found to be broken off, the radiator was bent back and the hood injured. A part of the motormeter from appellant's car was picked up within four or five feet from where Trice was lying. According to appellant's version he had damaged his car earlier in the night in an effort to push another car. He denied that he was at the place Trice was injured at the time fixed by the state, declared that he had not collided with Trice and asserted that he had driven along the road at an earlier hour with two young ladies. His testimony was supported by that of other witnesses.

Bill of exception Number 3 complains of the action of the court in refusing to permit a witness to express the opinion that appellant's car could not have been damaged in the manner detailed by state's witnesses by colliding with a man. It is not shown in the bill that the witness was qualified to express the opinion attempted to be elicited. We are, therefore, unable to appraise the bill.

Bill of exception Number 10 deals with the action of the county attorney in propounding to appellant a question as follows: "Now, Gilbert, why don't you tell the jury at least that you are sorry that you run over this man?" Appellant interposed proper objection to the question; the court sustained the objection; and the jury were promptly instructed not to consider the question for any purpose. In view of the prompt action of the court in admonishing the jury not to consider the question for any purpose, we are of the opinion that reversible error is not presented.

We have carefully examined each of appellant's bills of exception and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have again carefully gone over the question as to whether the trial court was right in rejecting proffered testimony of Mr. Hilton, and are of opinion that the court's ruling was correct. This witness did not qualify as an expert, or as a non-expert, but with experience. He had never before seen a car in the condition appellant's car was as described, just after the alleged accident; nor had he ever studied to know how much force in pounds could produce the said condition of the car. He testified in so many words that he had never measured the pounds of weight it would take to bring about such condition, and if he qualified from any angle to give the testimony sought, we fail to find it. He was allowed to and did testify, as to the material, construction, etc., of the radiator, bumper, etc., of a Dodge roadster such as was alleged to have been driven by appellant at the time. It would seem error clearly to allow a man whose qualification went no further than that he bought used cars and wrecked them, and was familiar with the construction of the various parts of cars,—to testify that the result of a head end collision between a Dodge roadster going twenty-five miles an hour, with a man erect in the road,—could not have been such as to break the motor meter, bend certain rods and part of the hood of such car and bring about the condition in which the car in question was found to be after the collision. While on this point, we note that appellant while on the witness stand admitted that his car was injured by having the motor meter broken, the hood flared and a rod bent,—but he claimed this was done by his trying to push a Ford coupe by putting the bumper on the front of his car against the rear end of the coupe in an effort to start it, on the night in question. He said his bumper slipped under the spare of the Ford and that his radiator and motor meter came in contact with said spare and caused the damage to some. The State in rebuttal put on the stand the Dodge dealer at Waco, Texas, who said he spent an hour trying to

see if there was any angle of approach to the rear end of a Ford by the front end of a Dodge roadster with a bumper on it, so as that the motor meter and radiator of the Dodge could be injured, and he testified that it could not be done without crushing the bumper. We perceive no error in the rejection of the testimony of Mr. Hilton.

We are still of opinion that the testimony in this case was sufficient, and that the jury were within their province in rejecting the explanation made by appellant, and in concluding him guilty. No witness attempted to say that the car which struck Mr. Trice was going twenty-five miles per hour at the time of the collision. Mr. Simpson, who was a few car lengths in front of Mr. Trice at the time and heard the collision, said the car having Trice hanging on its bumper and fender passed him immediately after the collision going about twenty-five miles an hour at that time. This car he said was a Dodge roadster with curtains down, and that it turned into a side street where he discovered it a few minutes later with the engine hot and door open, etc. This car seems amply identified as that driven by appellant on the night of the trouble.

Being of opinion the record discloses no error on the trial, the motion for rehearing will be overruled.

*Overruled.*